IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DIANA MARIETTI, a/k/a/ DIANA ELIZABETH LUGO,<br><br>Plaintiff,<br><br>v.<br><br>EDUARDO SANTACANA, SHEILA GOMEZ AND THE CONJUGAL PARTNERSHIP COMPRISED BETWEEN THEM,<br><br>Defendants. | CIVIL NO. 14-1902 (FAB) |

**AMENDED REPORT AND RECOMMENDATION[1]**

**INTRODUCTION**

Plaintiff Diana Marietti ("Marietti"), formerly known as Diana Elizabeth Lugo, brings forth this cause of action against her former husband, Eduardo Santacana ("Santacana"), his current wife Sheila Gómez ("Gómez") and their conjugal partnership for defaulting in payments of several judgments entered in Marietti's favor by the state court of Minnesota. (Docket No. 1). Plaintiff seeks to execute said money judgments against Defendant Santacana's private assets, as well as marital assets owned between him, his wife and the conjugal partnership comprised by them. On December 23, 204, Defendant filed a Motion to Dismiss for Failure to State a Claim (Docket No. 14). On February 2, 2015, Plaintiff filed an Amended Complaint (Docket No. 22), which Defendant also requested dismissal of. (Docket No. 27).[2]

---

[1] This Amended Report and Recommendation is issued to eliminate footnote no. 1 which was included by inadvertence in the Report and Recommendation at Docket No. 38. Plaintiff requested the withdrawal of the preliminary injunction petition in Docket No. 21 and the request was granted in Docket No. 24. In addition, this Amended Report and Recommendation adds footnote no. 2.

[2] Both Motions to Dismiss (Docket No. 14 and 27) raise similar issues. As such, they are both addressed herein jointly.

Defendants move the Court to dismiss the Amended Complaint on a variety of grounds, to wit, that: (1) the domestic relations exception applies to this case, thus barring the Court from entertaining this case; (2) the Court should abstain from entertaining this case under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746 (1971) because there is an ongoing state procedure; and (3) the claims against co-Defendant Gómez should be dismissed for failure to state a claim against her.  (Docket Nos. 14 and 27).

In Plaintiff's Opposition, she argues against dismissal because the domestic relations is inapplicable to the case at bar and abstention is the exception, not the rule.  Plaintiff also avers that co-Defendant Gómez should not be dismissed from the case, insofar as the community property she holds with Santacana might have to answer for Plaintiff's debt if Santacana's personal property is insufficient.  Therefore, Plaintiff must be afforded due process and not dismissed.  (Docket Nos. 30 and 31).

On January 9, 2015, the presiding District Judge referred the Motion to Dismiss to the undersigned for a Report and Recommendation. (Docket No. 19).

For the reasons explained herein below, it is recommended that the Motion to Dismiss be GRANTED IN PART AND DENIED IN PART.

## STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "short and plain" statement needs only enough detail to provide a defendant with " 'fair notice of what the … claim is and the grounds upon which it rests.' " Bell Atlantic v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955  (2007); see also Erickson v. Pardus, 551 U.S.

89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ("Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement....' Specific facts are not necessary.").  Yet, in order to "show" an entitlement to relief a complaint must contain enough factual material "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." See, Twombly, 550 U.S. at 555, 127 S.Ct. 1955.

When addressing a motion to dismiss under Rule 12, the court must "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiffs." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). Under Twombly, 550 U.S. at 555, however, a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." See also, Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  Thus, a plaintiff is now required to present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; see, e.g. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly and Iqbal.  First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action.  Iqbal, 129 S.Ct. at 1940. Yet, the court "need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or whether dismissal under Rule 12(b)(6) is appropriate. Id.

## FACTS

The facts of this case are relatively straight forward.  Plaintiff Marietti and Defendant Santacana were married and then divorced some time ago.  As a result of that divorce, Plaintiff was awarded spousal maintenance by the court of the state of Minnesota, which Defendant never paid. Today, that amount totals $359,771.82. Additionally, the Minnesota court entered judgment for Plaintiff for the following amounts: $33,354.80 for moneys in an Individual Retirement Account ("IRA"); $2,926.80 in Attorney Fees for services rendered in Minnesota; and $91,297.71 in reimbursement for the child support maintenance which Plaintiff incurred.  Plaintiff alleges that, since the judgments were entered, Defendant Santacana had the obligation to pay these items and he failed to do so.

Plaintiff finally located Defendant in Puerto Rico after he moved several times.  On February 28, 2014, Plaintiff filed a complaint in the First Instance Court of San Juan, Case No. K AL2014-0175.  The state court complaint requested the court to give full faith and credit to the Minnesota court Judgment, but only as it applied to the spousal alimony claim. The claims for child support reimbursement, for attorneys fees and the IRA moneys were not raised before the state court.

On January 23, 2015, the Puerto Rico State Court issued a judgment granting Plaintiff's Complaint and ordering Defendant to pay the principal sum of $359,771.82 for spousal support and to continue making the monthly payments of $2,000.00 per month, pursuant to the Minnesota court judgment. Plaintiff now seeks to execute the Minnesota money judgment in her favor against Defendant Santacana's private assets, as well as marital assets owned with his current wife, Gómez, and the conjugal partnership comprised by them. Plaintiff also seeks to execute the judgments issued in her favor regarding child support reimbursement, attorney's fees and the IRA funds.

## LEGAL ANALYSIS

### A.    Declaratory Judgment.

Plaintiff petitions this Court for a declaratory judgment of the amounts contained in the judgments rendered by the Minnesota court. Plaintiff avers that she "believes the Court can declare her rights with regards to the money judgments that were ordered by the Minnesota court in her favor." Docket No. 22, ¶ 45. Defendants' argument, while not very clear, seems to be that declaratory relief is not appropriate here, where the legal relationship between the parties does not require clarification.   The Court agrees with Defendants.

Title 28, United States Code, Section 2201 states that "[i]n a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested

Diana Marietti v. Eduardo Santacana, et al.
Civil No. 14-1902 (FAB)
Report and Recommendation
Page 6

party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

The problem with Plaintiff's petition is that she already has several final, unappealable judgments from the Minnesota court.  She is only seeking to execute them here.  The relationship between the parties is quite clear, and Plaintiff's rights are particularly apparent from the documents presented by her to the Court.  Simply put, Defendant owes her the monies stated therein.  As such, there is no issue to resolve or relationship to determine and the issue is moot.

Therefore, it is recommended that the Motion to Dismiss the declaratory judgment be GRANTED.

## B.      The Domestic Relations Exception.

Defendants argue this Court lacks jurisdiction to hear this claim because of the limitation placed on federal jurisdiction disputes involving divorce, custody and alimony dating back to 1858 by Barber v. Barber, 62 U.S. 582, 16 L.Ed. 226 (1858).  Barber held that "[t]he courts of the United States have no jurisdiction upon the subject of divorce, or for the allowance of alimony, either as an original proceeding in chancery. . .".

In 1992, the Supreme Court had the opportunity to revisit this issue in the case of Ankenbrandt v. Richards,504 U.S. 689, 112 S.Ct. 2206 (1992).  In Ankenbrandt, a mother brought suit on behalf of her daughters in the district court, alleging federal jurisdiction

based on the diversity-of-citizenship provision of Title 28, United States Code, Section 1332, and seeking monetary damages for alleged torts committed against the girls by their father and his female companion. The court granted respondents' motion to dismiss without prejudice, ruling that it lacked jurisdiction because the case fell within the

"domestic relations" exception to diversity jurisdiction and that its decision to dismiss was justified under the abstention principles announced in Younger v. Harris. The Court of Appeals affirmed the dismissal.   However, the Supreme Court reversed, holding that jurisdiction was proper because it was a tort which did not seek a divorce, alimony, or child custody decree. The Supreme Court held that the Court of Appeals had therefore erred in affirming the district court's invocation of the domestic relations exception.

The same applies here. While the cases before the Minnesota court did involve precisely those issues, the issue here is not how much money Plaintiff is entitled to because of an impending divorce, how the community property division will be effected, or what is an appropriate child support award.  Rather, Plaintiff is seeking to enforce several final and unappealable judgments already rendered by another court.  Thus, this a garden variety, execution of judgment case.  Thus, Aikenbrandt is inapplicable to this case.

In view of the above, it is recommended that the Motion to Dismiss under the domestic relations exception be DENIED.

### C.    **Younger** Exception.

As a second reason for dismissal, Defendants urge the Court to abstain from hearing this case under the landmark case of Younger, 401 U.S. at 37. Younger and its progeny have espoused a strong federal policy against federal-court interference with pending state

judicial proceedings absent extraordinary circumstances. While originally applied only to criminal cases, this holding was later applied to civil proceedings in Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 102 S.Ct. 2515 (1982) ("The policies underlying Younger are fully applicable to noncriminal judicial proceedings when important state interests are involved").

Applying Younger to the instant case, the Court agrees with Defendants that it should not interfere with the spousal maintenance claim already before the Puerto Rico courts, in keeping with the existing comity between the state and local governments. See Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11,  107 S.Ct. 1519 (1987).

However, as mentioned before, the claims for child support reimbursement, attorneys fees and IRA moneys were not raised by Plaintiff before the state court.  As such, the Younger exception is not applicable to these claims which were brought before this court and not before the state court for several reasons.  First, Plaintiff has not sought to enjoin the state court case, but rather, Defendant Santacana's movements.  See Docket No. 1 at p. 15.  Secondly, as stated before, the only claim brought before the state court was the spousal maintenance claim, and nothing more, and the state court has been quite clear in holding the only claims it would entertain were the ones related to spousal maintenance. See Docket No. 14, Exhibit 3.  Therefore, some of the claims presented before this Court are different from those presented in the state court.  Since abstention is the exception, not the rule, and Plaintiff has a right to her day in court regarding all her claims, dismissal seems inappropriate for the claims not brought before the state court.

In view of the foregoing, it is recommended that the Motion to Dismiss under the Younger exception be GRANTED as to the spousal maintenance claim, and DENIED as to the remaining causes of action for child support reimbursement, for attorney's fees and the IRA moneys.

### D.      Co-Defendant Gómez.

Finally, Defendants argue that the causes of action against co-Defendant Gómez should be dismissed, insofar as no allegations are made in the Complaint against her. Plaintiff argues that, pursuant to Puerto Rico law, the spouse should be included in the present case, as the judgments to be executed against Defendant Santacana may fall upon the communal property held between both of them. The Court agrees with Plaintiff.

Puerto Rico law states that any debts contracted by the husband or by the wife before marriage, shall not be borne by the partnership, yet: "the payment of debts contracted by the husband or by the wife, prior to the marriage, and that of fines and condemnations imposed on either of them, may be claimed against the partnership property, after covering the expenses, mentioned in § 3661 of this title, if the debtor spouse should have no private capital, or were it insufficient." P.R. Laws Ann. tit. 31, § 3663 .   The innocent spouse will then have a credit for their share of the monies paid.  Id.

The case cited by Plaintiff in support of this argument, Cruz Viera v. Registrador, 18 P.R. Offic. Trans. 1046, 1050 (1987), centered around the Property Registrar's refusal to record an attachment for community property, "contending that the right to be heard required inclusion of the innocent spouse before ordering an attachment of the community

property, inasmuch as neither the conjugal partnership nor the innocent spouse were parties to the action". The Puerto Rico Supreme Court agreed and so does this Court.

Puerto Rico law is quite clear that the communal estate shall respond if the debtor's assets are insufficient to cover the debt, and that the innocent party must be afforded due process to defend his or her interest. Therefore, if Defendant Santacana's personal assets are not enough to cover the totality of the debts, Gómez must be included so as to be afforded due process before her part of the community estate is used to pay for that debt. Since Gómez is already a party in this case, and in the interest of judicial economy, it is recommended that the Motion to Dismiss the claims against co-Defendant Gómez be DENIED.

## CONCLUSION

For the aforementioned reasons, it is recommended that Defendants' Motion to Dismiss (Docket Nos. 14 and 27) be GRANTED IN PART AND DENIED IN PART as follows:

A.     Dismissal of the declaratory judgment claim be GRANTED.

B.     Dismissal under the domestic relations exception be DENIED.

C.     Dismissal under the abstention principles of Younger be GRANTED as to the spousal maintenance claim, and DENIED as to the remaining causes of action of child support reimbursement, attorney's fees and the IRA moneys.

D.     Dismissal of the claims against co-Defendant Gómez be DENIED.

IT IS SO RECOMMENDED.

Diana Marietti v. Eduardo Santacana, et al.
Civil No. 14-1902 (FAB)
Report and Recommendation
Page 11

The parties have fourteen (14) days to file any objections to this report and recommendation. See Amended Local Rules. Failure to file same within the specified time waives the right to appeal this order. See Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986) and Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988).

In San Juan, Puerto Rico, on this 23rd day of April, 2015.

S/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ RIVE
UNITED STATES MAGISTRATE JUDGE