IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DIANA MARIETTI,

    **Plaintiff**,

           **v.**               **Civil No**. 14-1902 (FAB)

EDUARDO SANTACANA, *et al.*,

    **Defendants**.

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

    Before the Court is United States Magistrate Judge Camille L. Velez-Rive's amended Report and Recommendation ("R & R") (Docket No. 40), recommending that defendants Eduardo Santacana and Sheila Gomez's motion to dismiss (Docket No. 27) plaintiff Diana Marietti's first amended complaint (Docket No. 22) be granted in part and denied in part.  Plaintiff and defendants objected to the R & R (Docket Nos. 41-42), and defendants responded to plaintiff's objections (Docket No. 45).

    For the reasons set forth below, the Court **ADOPTS IN PART** and **REJECTS IN PART** the magistrate judge's R & R, and **GRANTS IN PART** and **DENIES IN PART** defendants' motion to dismiss.

---

[1] Rachel L. Hampton, a second-year student at the University of Michigan Law School, assisted in the preparation of this Memorandum and Order.

## I.   STANDARD OF REVIEW

A district court may refer a pending dispositive motion to a magistrate judge for a report and recommendation.  See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1).  Any party may file written objections to the report and recommendation, and a party that files a timely objection is entitled to a *de novo* determination of those portions of the report to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2)-(3).  In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judges."  28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).

## II.   BACKGROUND

On February 2, 2015, Diana Marietti ("Marietti") filed an amended complaint against Eduardo Santacana ("Santacana"), his wife Sheila Gomez ("Gomez"), and their conjugal partnership (collectively, "defendants").  (Docket No. 22.)  Plaintiff requests:

> (1)   a declaratory judgment pursuant to 28 U.S.C. § 2201, certifying defendants' obligation to pay spousal maintenance, Individual Retirement Account ("IRA") funds, and attorneys' fees pursuant to judgments ordered by a Minnesota state court;

> (2)   a writ of execution pursuant to Federal Rule of Civil Procedure 69 ("Rule 69") to enforce Minnesota state court judgments for spousal maintenance

Civil No. 14-1902 (FAB)                                                3

        ($359,771.82),   IRA   funds   ($33,354.80),   and
        attorneys' fees ($2,926.80); and

   (3)   restitution   for   defendant   Santacana's   unjust
       enrichment that resulted from his noncompliance
       with the child support judgment ordered by a
       Minnesota court ($91,297.71).

Id. at pp. 13-14.

    On February 9, 2015, defendants moved to dismiss the amended

complaint on four grounds:

   (1)   that the Court lacks subject matter jurisdiction
       over   the   declaratory   judgment   claim   because
       Minnesota and Puerto Rico courts already clarified
       the relationship between the parties;

   (2)   that the Court lacks subject matter jurisdiction
       over the case pursuant to the domestic relations
       exception;

   (3)   that the Court should abstain from entertaining the
       case pursuant to Younger v. Harris, 401 U.S. 37
       (1971); and

   (4)   that the claims against co-defendant Gomez should
       be dismissed pursuant to Federal Rule of Civil
       Procedure 12(b)(6).

(Docket No. 27.)

    On April 23, 2015, the magistrate judge recommended:

   (A)   that dismissal of the declaratory judgment claim be
       granted;

   (B)   that dismissal pursuant to the domestic relations
       exception be denied;

   (C)   that dismissal pursuant to Younger abstention be
       granted as to plaintiff's claim concerning the
       spousal maintenance judgment, and denied as to the

Civil No. 14-1902 (FAB)                                                    4

> claims concerning IRA funds, attorneys' fees, and
> child support; and

> (D) that dismissal of the claims against Gomez be
>     denied.

(Docket No. 40 at p. 10.)

### III.  DISCUSSION

Neither party objected to the magistrate judge's recommendation as to (A) dismissal of the declaratory judgment claim, (B) denial of dismissal pursuant to the domestic relations exception, and (D) denial of dismissal of the claims against Gomez.[2]   See Docket Nos. 41-42.  The Court has conducted an independent review and **ADOPTS** the magistrate judge's findings and recommendations as to these three parts.  Defendants' motion to dismiss the declaratory judgment claim is **GRANTED,** and plaintiff Marietti's declaratory judgment claim is **DISMISSED WITH PREJUDICE.** The motion to dismiss the complaint based on the domestic relations exception and the motion to dismiss of the claims against Gomez are **DENIED.**

The Court now addresses the magistrate judge's recommendation regarding Younger abstention.

---

[2] In their objection to the R & R, defendants state that they object to recommendation D, but completely fail to elaborate on their reasoning.  (Docket No. 42 at p. 3.)  The Court does not consider this incomplete thought as an objection.

## A.   **Younger** Abstention

The Younger abstention doctrine, based on the principle of comity, instructs that federal courts should not interfere with ongoing state court or administrative proceedings. Rossi v. Gemma, 489 F. 3d 26, 34 (1st Cir. 2007). On the whole, however, federal courts must decide cases within the scope of federal jurisdiction. Sprint Commc'ns, Inc. v. Jacobs, 134 S. Ct. 584, 588 (2013). "Abstention is not in order simply because a pending state-court proceeding involves the same subject matter." Id.

The United States Supreme Court clarified in Sprint that Younger abstention is triggered only by three narrow categories of state court proceedings: (1) "ongoing state criminal prosecutions," (2) "certain 'civil enforcement proceedings,'" and (3) "'civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions.'" Id. at 591 (quoting New Orleans Pub. Serv., Inc. (NOPSI) v. Council of City of New Orleans, 491 U.S. 350, 368 (1989)).

On February 28, 2014, plaintiff Marietti brought suit against defendant Santacana in Puerto Rico state court requesting that the court give full faith and credit to a Minnesota court judgment ordering Santacana to pay spousal maintenance. (Docket No. 22 at ¶ 29.) The Puerto Rico state court issued a judgment in plaintiff's favor on January 23, 2015, ordering defendant Santacana

Civil No. 14-1902 (FAB)                                                    6

to pay plaintiff $359,771.82 and to make monthly payments of $2,000

based on the original spousal maintenance judgment from the

Minnesota court.  Id. at ¶ 31.

     Defendants argued, and the magistrate judge agreed, that the

Court should abstain from deciding plaintiff's claim seeking a writ

of execution of the spousal maintenance judgment to avoid

interference with this ongoing proceeding in Puerto Rico state

court.  Neither defendants nor the magistrate judge addressed,

however, whether the Puerto Rico court proceeding fits into one of

the three categories of cases delineated in Sprint.  The Court will

proceed with that analysis now.

     First, plaintiff Marietti's suit in Puerto Rico court is not

a "state criminal prosecution"; it is a civil suit.

     Second, Marietti's suit in Puerto Rico court is not a "civil

enforcement proceeding."  For this category of cases, abstention is

appropriate where "noncriminal proceedings bear a close

relationship to proceedings criminal in nature."  Middlesex Cnty.

Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).

These cases routinely involve a state actor that has initiated the

state action.  Sprint, 134 S. Ct. at 592.  Here, Marietti's suit in

Puerto Rico court is not criminal in nature, nor does it involve a

state actor.  Instead, it is a civil suit filed by Marietti

Civil No. 14-1902 (FAB)                                              7

herself, requesting that the court give full faith and credit to a

Minnesota court judgment against Santacana.

    Third, Marietti's suit does not involve an order concerning

the state court's ability to perform its judicial function.  This

category of cases includes a state court's enforcement of its

contempt procedures, Juidice v. Vail, 430 U.S. 327, 336-38 (1977),

and a state court's enforcement of its post-judgment collection

procedures, Pennzoil Co. v. Texaco Inc., 481 U.S. 1, 13 (1987).

Here, plaintiff Marietti's civil suit against defendant Santacana

in Puerto Rico court in no way involves an order related to the

court's enforcement of its procedures.

    Because Marietti's suit in Puerto Rico court does not fit into

any of the three categories of cases that trigger Younger

abstention, the Court **REJECTS** the magistrate judge's recommendation

to grant dismissal of plaintiff's claim concerning the spousal

maintenance judgment.  The magistrate judge correctly found that

plaintiff Marietti did not seek enforcement of the Minnesota

judgments concerning IRA funds, attorneys' fees, and child support

in her suit before the Puerto Rico court.  The Court accordingly

**ADOPTS** the magistrate judge's recommendation that Younger

abstention is not appropriate for these claims.  Defendants' motion

to dismiss pursuant to the Younger abstention doctrine is therefore

**DENIED.**

Civil No. 14-1902 (FAB)                                                    8

**B.    Defendant Santacana's New Suit in Puerto Rico Court**

In their objections to the R & R, defendants argue that the Court should abstain from hearing this case pursuant to Younger "based on facts that . . . occurred after the filing of the Motions to Dismiss."  (Docket No. 42 at pp. 3-5.)  These "new facts" are a civil suit that defendant Santacana initiated against plaintiff Marietti on January 16, 2015, in the San Juan Superior Court, seeking child support for the living and educational expenses of their youngest child.  Id.

Defendant Santacana filed the suit in the San Juan Superior Court on January 16, 2015, more than three weeks *before* defendants moved to dismiss the amended complaint on February 9, 2015.  Thus, defendants' argument is not based on "new facts," and indeed it could have been raised in the motion to dismiss the amended complaint.  The Court is not required to review new theories that were not raised before the magistrate judge.  See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round.").

The Court will nonetheless give short shrift to defendants' argument.  The new suit filed by defendant Santacana in the San

Civil No. 14-1902 (FAB)                                                  9

Juan   Superior   Court   is   plainly   not   a   "state   criminal

prosecution[]," a "'civil enforcement proceeding[],'" or a "'civil

proceeding[] involving certain orders . . . uniquely in furtherance

of the state courts' ability to perform their judicial functions.'"

See Sprint, 134 S. Ct. at 591 (quoting NOPSI, 491 U.S. at 368).

Thus, the new suit does not fall within any of the three categories

of cases that trigger Younger abstention, and the Court therefore

finds defendants' belated Younger argument unpersuasive.

## C.    **Colorado River** **Abstention**

Defendants  raise  yet  another  new  argument  that  they  could

have, but inexplicably did not, raise before the magistrate judge

in their motion to dismiss.  In light of the suits brought before

Puerto Rico courts by plaintiff Marietti on February 28, 2014 and

by defendant Santacana on January 16, 2015, defendants argue that,

the Court should dismiss this case pursuant to the Colorado River

v. United States principle of "wise judicial administration, giving

regard  to  conservation  of  judicial  resources  and  comprehensive

disposition  of  litigation,"  424  U.S.  800,  817  (1976)  (internal

quotation  marks  and  citation  omitted).   (Docket No. 42 at pp. 5-

10.)

Here the Court must pull back the reins on defendants' attempt

to  the  magistrate  system  as  a  dress  rehearsal.   The  First

Circuit  Court  of  Appeals  has  held  "categorically   that   an

Civil No. 14-1902 (FAB)                                              10

unsuccessful party is not entitled as of right to de novo review by

the judge of an argument never seasonably raised before the

magistrate."   Paterson-Leitch Co., 840 F.2d at 990-91; accord

Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.

1987) ("Parties must take before the magistrate, not only their

best shot but all of their shots." (internal quotation marks and

citation omitted)).   "[I]t would be fundamentally unfair to permit

[defendants] to set [their] case in motion before the magistrate,

wait to see which way the wind was blowing, and — having received

an unfavorable recommendation — shift gears before the district

judge."   Paterson-Leitch Co., 840 F.2d at 991.   This is exactly

what defendants are doing with their newly-raised Colorado River

argument, and the Court will not permit this unfairness.

Accordingly, the Court deems defendants' Colorado River abstention

argument as waived due to their failure to present the argument

before the magistrate judge.

**D.   Marietti's Cause of Action Brought Pursuant to Rule 69**

Although neither party raised this concern, the Court

questions whether it has jurisdiction over plaintiff Marietti's

claim brought pursuant to Rule 69.   See Spooner v. EEN, Inc., 644

F.3d 62, 67 (1st Cir. 2011) ("A court is duty-bound to notice, and

act upon, defects in its subject matter jurisdiction sua sponte.").

In her Rule 69 claim, plaintiff seeks a writ of execution to

enforce money judgments established by the Minnesota state court.

See Docket No. 22 at p. 11.  Case law suggests, however, that Rule

69 is not available to enforce state court judgments in federal

court.   See Gagan v. Monroe, 269 F.3d 871, 873 (7th Cir. 2001)

("[Rule 69] allows a judgment creditor . . . to return to the

district court where the judgment was entered and seek the district

court's assistance in enforcing the judgment."); Threlkeld v.

Tucker, 496 F.2d 1101, 1104 (9th Cir. 1974) ("Inasmuch as the

federal courts are not appendages of the state courts, a federal

court cannot enforce a state-court judgment without first

independently establishing its own jurisdiction over the subject

matter and parties."); United States v. Potter, 19 F.R.D. 89, 89-90

(S.D.N.Y. 1956) ("Rule 69(a) . . . provides for conformity of

procedure in enforcing judgments of the Federal Court to state

practice but does not constitute the Federal Court an arm of the

State Court with respect to collection of its judgments."); United

States v. Fairbank Realty Corp., 50 F. Supp. 373, 375 (E.D.N.Y.

1943), aff'd sub nom. Rottenberg v. United States, 142 F.2d 151 (2d

Cir. 1944) ("Rule 69(a) . . . in no way gives [the federal court]

jurisdiction in supplementary proceedings over state court

judgments until they have been reduced to judgment in [the federal

court].");  see also 12 Charles Alan Wright et al., Federal Practice

and Procedure § 3011 (2d ed. 2015) ("Rule 69 applies only to money

Civil No. 14-1902 (FAB)                                               12

judgments of the federal court . . . [and] has no application to

state-court judgments.").

Accordingly, the Court **ORDERS** plaintiff Marietti to show cause

why the Court has jurisdiction over her claim brought pursuant to

Rule 69.

**E.    Motion to Dismiss the Original Complaint**

Finally, the Court corrects some apparent confusion as to the

role of plaintiff's original complaint (Docket No. 1) and

defendants' motion to dismiss (Docket No. 14).  Because plaintiff

filed an amended complaint (Docket No. 22) and defendants filed a

motion to dismiss the amended complaint (Docket No. 27), the

original complaint (Docket No. 1) and motion to dismiss (Docket No.

14) are **MOOT**.  See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st

Cir. 2008) ("An amended complaint, once filed, normally supersedes

the antecedent complaint.  Thereafter, the earlier complaint is a

dead letter and no longer performs any function in the case."

(internal quotation marks and citations omitted)).

**IV.  CONCLUSION**

For the reasons explained above, the Court **ADOPTS IN PART** and

**REJECTS IN PART** the magistrate judge's R & R (Docket No. 40).

The Court **GRANTS IN PART** and **DENIES IN PART** defendant's motion

to dismiss the amended complaint (Docket No. 27).  Defendants'

motion to dismiss the declaratory judgment claim is **GRANTED,** and

Civil No. 14-1902 (FAB)                                                    13

plaintiff's declaratory judgment claim is **DISMISSED WITH PREJUDICE.**

Defendants' motion to dismiss the remaining claims is **DENIED.**

Defendants' motion to dismiss the original complaint (Docket

No. 14) is **MOOT.**

Furthermore, the Court **ORDERS** plaintiff Marietti to show

cause, **no later than July 27, 2015,** whether the Court has

jurisdiction over her claim brought pursuant to Rule 69.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, June 26, 2015.


                                    s/ Francisco A. Besosa
                                    FRANCISCO A. BESOSA
                                    UNITED STATES DISTRICT JUDGE